# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMALIA REYES | ) |
| | ) |
| Plaintiff, | ) Case No. 19-cv-8312 |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| CHICAGO BOARD OF EDUCATION | ) |
| | ) |
| Defendant. | ) |

## REDACTED COMPLAINT

**NOW COMES** the Plaintiff, Amalia Reyes ("Reyes" or "Plaintiff"), by and through her attorneys, Lázaro Law Group, LLC and for her Complaint against Chicago Board of Education ("Defendant"), states as follows:

## NATURE OF ACTION

This action challenges pervasive sexual harassment and retaliatory practices at Roger C. Sullivan High School. While employed by Defendant, Plaintiff was subjected to sexual harassment, gender discrimination, and retaliation based on her sex and her opposition to the harassment and discrimination she suffered.

## JURISDICTION AND VENUE

1. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 1331 and 1343.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). Defendant's unlawful conduct took place within the jurisdiction of this Honorable Court.

3. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue, thereby fully complying with the procedural requirements under Title VII.

## PARTIES

4. Reyes is a current employee of CPS who is out on disability leave as a direct result of the severe sexual harassment and retaliation she suffered at work. See Exhibit A. She resides in this judicial district.

5. The CHICAGO BOARD OF EDUCATION ("CBOE") is the political/government subdivision that is responsible for the financial, organizational, and governance oversight of the Chicago Public Schools ("CPS"). Its principal place of business is located at 1 North Dearborn St., Suite 950, Chicago, Illinois. At all times relevant, CBOE operated and/or directed operations of CPS, including the Roger C. Sullivan High School located at 6631 N Bosworth Ave in Chicago, and was the employer of Reyes and her supervisors.

## FACTUAL ALLEGATIONS

*Defendant engaged in Pervasive Sexual Harassment, Gender Discrimination, and Retaliation against Reyes*

6. Reyes was first employed by CBOE in 2002. She commenced to work in Safety and Security as Supervisor II at the Roger C. Sullivan High School in August of 2017.

7. Before working at Roger C. Sullivan High School, Reyes held the position Supervisor II in three other schools.

8. Due to her excellent job performance, before joining Roger C. Sullivan High School, Reyes held the position of Dean of Students for two schools. The Dean of

Students functions as a liaison between parents and the school, and is responsible for student discipline.

9. During Reyes' employment at Roger C. Sullivan High School, Defendant engaged in a pattern of discriminatory conduct against females which includes, but is not limited to:

   a. Demeaning, humiliating and intimidating its female employees and creating a hostile and offensive work environment;

   b. Negligently retaining men with known propensities to discriminate or sexually harass women;

   c. Making employment decision based on sex and taking sex into consideration when making employment decisions;

   d. Taking disciplinary actions against females under false pretenses;

   e. Treating male employees better than female employees in many aspects of employment;

   f. Refusing to take adverse actions against male workers who engaged in sexual harassment and sexual discrimination.

10. Complicit in Defendant's discrimination and retaliation is its Equal Opportunity Compliance Office ("EECO"), which is ineffective at resolving complaints of gender discrimination and sexual harassment. Defendant's EECO team defends discriminators and harassers and does not take adequate steps to prevent retaliation against female employees who lodge complaints.

11. The work environment for security officers at Roger C. Sullivan High School is highly male dominated. During her time at the high school, Reyes was the one of only two female security officers who reported to a group of all male supervisors.

12. During her time at Roger C. Sullivan High School, Reyes was the victim of Defendant's pervasive sexual discrimination, harassment and retaliation.

13. Even though Reyes was a Supervisor II in title, she was not given the responsibilities or duties of her position. Indeed, in around November of 2017 the position of Head of Security opened up. Reyes expressed interest in the position and was interviewed for the same.

14. Although she met the requirements of the position, had the required experience and was highly recommended, she was passed over for the promotion and, instead, the position was given to a male with less seniority and experience than her.

15. Reyes was constantly exposed to sexual innuendos and comments on her appearance and body parts. Her direct supervisor, Calvin Clark ("Clark") would regularly make comments about Reyes breasts and buttocks and would make many sexually charged comments such as ask Reyes what women like when it comes to sex. Clark would constantly talk to Reyes about his sexual exploits and would tell her that she "looked good", "liked her curves", had a "nice body", and "had big chest." In addition, Clark would constantly tell Reyes that he couldn't believe "how hot she was given her age," that she needed to "be with a black man," that "her character will change once she was with a black man" and that her "problem was that she had not been with a black man."

16. Clark would also make sexual jokes and would also talk openly and make sexual comments about the body parts of the female students and female teachers – often referring to female students' and teach teachers' "tits and assess."

17. Additionally, Reyes was often touched by Clark in unwanted sexual ways. On multiple occasions, Clark would stand unprofessionally close to Reyes' back and would rub himself against her. He would touch her back and shoulders without her consent and would also touch Reyes' hair and hug Reyes for extended periods of time.

18. Other managers observed the sexually explicit behavior and not only failed to stop it, but often participated in the same.

19. On multiple occasions Reyes asked Clark to stop the harassment. The harassment did not stop but rather intensified.

20. In April 2018, Clark approached Reyes with a banana in his hand, stood unprofessionally close to her and put the banana in Reyes' face. He then asked: "Reyes, do you like the big banana? Look at it, isn't it big?"

21. Reyes pushed Clark away and stated 'get away.' She pointed the scanner in Clark's face. Clark, however, came back and stated "Look Reyes this is a big one . . . you like it big . . . you need to be with a black man. Once you go black, you don't go back" or words to those effects.

22. The behavior happened in front of Clark's supervisor and other employees who failed to take any action to protect Reyes and only laughed at what transpired, which only served to strengthened Clark's resolve.

23. A parent who observed the behavior was the only person who came to Reyes' rescue. She slapped Clark's head in the back and stated "you are lucky I don't punch you."

24. Clark – however -- was relentless. Even after being slapped by a parent, he approached Reyes again, made additional sexual comments and put his hands on Reyes' shoulders who again pushed him away.

25. Reyes was also exposed to pornographic materials and demeaning comments over a group text. The pornographic material was in view of managerial personnel including Reyes' direct supervisor who participated in the text exchanges.

26. The sexually charged and demeaning behavior was commonplace, transpired at least on a weekly basis, and was on plain view of managerial personnel.

27. Clark made numerous complaints to Defendant. She spoke on multiple occasions with the School Vice Principal and the Principal as well as with Human Resources.

28. Defendant failed to take any timely appropriate steps aimed at ensuring a safe and harassment free environment.

29. Indeed, for a full year after her complaint, Reyes was forced to work with Clark as her supervisor.

30. Reyes was ostracized and suffered retaliation on the part of her co-workers and Clark as a result of her opposition to the harassment.

31. After her complaint, Clark would often become aggressive towards Reyes, would scream and berate her, would give her the worst jobs and would refuse to provide her support, often placing Reyes in dangerous situations.

32. After Reyes got injured at work she gave notice to Defendant of the job responsibilities that she could no longer perform.

33. In further retaliation, Clark would demand that Reyes perform job responsibilities that her doctors had specifically advised that she could not perform.

34. During this time, Reyes complained on numerous occasions to Principal Chad Adams and to the Assistant Principal. In some of those occasions, Reyes became very emotional and pleaded with the Principal and Vice Principal to take action to stop the retaliation she was suffering.

35. Reyes specifically informed that Clark was placing her in dangerous situations by asking her to supervise large number of students by herself and by asking her to perform work outside of her medical restrictions.

36. The retaliation came to a head on February 8, 2019. Contrary to what was customary, that day Reyes was asked to supervise by herself a large number of students (around 95) during lunch.

37. During lunch, Reyes could sense tension among the students. She repeatedly asked for assistance from Clark and other guards and told them that she suspected a fight would break out shortly.

38. Reyes appeals were ignored, which resulted in her being out-numbered when a fight between students broke out. Reyes was forced to separate fighting students by herself, which lead to both physical and mental injuries.

39. The injuries were the direct result of her supervisor's unwillingness to provide back up in retaliation of her complaints of harassment.

40. The retaliatory behavior could have been avoided had Defendant taken effective measures to stop the harassment and other sexually charged behavior on a timely basis.

41. **[REDACTED]**

42. **[REDACTED]** See Exhibit A.

### FIRST CAUSE OF ACTION
### TITLE VII – SEXUAL DISCRIMINATION

43. Plaintiff incorporates the preceding paragraphs as if alleged herein.

44. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991, ("Title VII") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis

of sex.

45. The above facts taken by Defendant amount to discrimination based on sex in violation of Title VII.

46. Despite Defendant's knowledge of the harassment toward Plaintiff, it failed to take any appropriate action to prevent or correct the discriminatory work conditions imposed on Plaintiff.

47. Accordingly, Plaintiff alleges differential treatment and hostile work environment theories of liability under Title VII.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF 42 U.S.C. § 2000

48. Plaintiff incorporates the preceding paragraphs as if alleged herein.

49. Title VII makes it unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

50. Plaintiff complained of sex discrimination and harassment both internally and to the EEOC.

51. Defendant retaliated against Plaintiff for her complaints in violation of Title VII. By its conduct, Defendant retaliated against Plaintiff in violation of Title VII.

## THIRD OF ACTION
## ILLINOIS HUMAN RIGHTS ACT – SEXUAL DISCRIMINATION

52. Plaintiff incorporates the preceding paragraphs as if alleged herein.

53. The Illinois Human Rights Act, as amended, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

54. Despite Defendant's knowledge of the harassing treatment toward Plaintiff,

it failed to take any appropriate action to prevent or correct the discriminatory work conditions imposed on Plaintiff.

55. Accordingly, Plaintiff alleges differential treatment and hostile work environment theories of liability under the Illinois Human Rights Act.

56. By its conduct described herein, Defendant subjected Plaintiff to sexual discrimination in violation of the Illinois Human Rights Act.

## FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

57. Plaintiff incorporates the preceding paragraphs as if alleged herein.

58. The Illinois Human Rights Act makes it unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employer's claim of discrimination.

59. Plaintiff complained of sex discrimination and harassment.

60. Defendant retaliated against Plaintiff for her complaints in violation of the Illinois Human Rights Act.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor and against Defendant, and enter an Order awarding the following relief:

    a. All wages and benefits they would have received but for the discrimination;

    b. Compensatory damages;

    c. Punitive damages;

    d. An award of costs, as provided by F.R.C.P. 54(d)(1);

    e. An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); and

    f. Such other relief as the Plaintiff may be entitled to under Title VII and any other statute or which the Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: February 4, 2020                                     Respectfully Submitted,

                                                            Lázaro Law Group, LLC


                                                            /s/ Rafael E. Lázaro
                                                            /s/ Catherine Roland
                                                            321 S. Plymouth Court, Suite 1250
                                                            Chicago, Illinois 60604
                                                            (312) 461-9900;
                                                            (773) 305-4068 (fax)
                                                            rlazaro@lazarolawgroup.com

# EXHIBIT A

REDACTED